*J. H. Williams,* for plaintiff.

*J. W. Bradbury,* for defendant.

------◆------

JONATHAN GILMAN *versus* CHARLES PEARSON.

By the statutes of 1857, (R. S., c. 82, § 21,) it is the right of the defendant to have the time fixed by the Court, within which the plaintiff may accept his offer to be defaulted for a specified sum.

If not accepted within the time fixed, and the action is afterwards tried, the defendant will not be bound by his offer; but will be entitled to all the advantages of it, so far as it may affect the costs.

If no time has been fixed by the Court, for its acceptance, the offer is not void for that reason; and if, on trial of the action, the jury shall find that there was due to the plaintiff, at the time of the offer, a sum not greater than that for which the defendant offered to be defaulted, the plaintiff will not have costs after the offer was made, but will be held to pay the defendant his costs after that time.

And the defendant will be entitled to costs, in case the offer shall be accepted by the plaintiff before trial, though no time has been fixed by the Court for its acceptance.

EXCEPTIONS from the ruling of RICE, J.

ASSUMPSIT to recover back $200, paid towards the purchase of land, and to recover damages, for a breach of contract for the sale of the same land.

At the August term, 1859, the defendant made an offer in writing to be defaulted for the sum of $235, debt or damages, which was entered on the docket. It does not appear, from the docket, that the Court fixed any time in which the plaintiff was to accept the offer.

At the trial of the action, at the March term, 1860, the presiding Judge instructed the jury to render a verdict for

the plaintiff for so much money as he proved he had paid, with interest thereon, from the time of payment; and also, for such damages as he had suffered by a breach of the contract, if they were satisfied that the same had been broken.

The jury rendered a verdict in favor of the plaintiff for $240,52, and a special verdict, that there had been no breach of the contract by the defendant.

The plaintiff claimed costs up to the time of the trial. The defendant contended that the plaintiff was not entitled to tax his costs after the offer of default, but, that he was entitled to his costs against the plaintiff, after that time.

The clerk disallowed costs for the plaintiff after the offer of default, and allowed the costs taxed by defendant from the time of his offer; which judgment was affirmed by RICE, J., and the plaintiff excepted.

*Clay,* in support of the exceptions, argued that, as the verdict does not show *how* the jury came to their decision — upon what counts it was based — the Court cannot go behind the record to ascertain what particular items, claimed by the plaintiff, were allowed by the jury.

It does not appear, from the verdict, that the jury found there was not due to the plaintiff, at the time of the defendant's offer, an amount greater than that for which he offered to be defaulted.

The defendant has not so conformed to the statute, (c. 82, § 21, of R. S. of 1857,) as to entitle him to its benefits. There was no " time fixed by the Court in which the plaintiff should accept the offer." Until this is done and the plaintiff is notified of the time, by an entry upon the docket, he may disregard it altogether. Till then, the offer is incomplete; it is not such an offer as the statute contemplates.

If the defendant would take his case out of the general rule that the prevailing party shall recover his costs, he must show that he has complied, in every respect, with the statute making his case an exception to the general provision of law.

The offer, not being such as the statute required, was bind-

ing on neither party. It could have been withdrawn at any time before it was accepted. *Hunt* v. *Elliot*, 20 Maine, 312.

*Danforth, contra.*

The special verdict shows that the plaintiff recovered nothing for breach of contract. The general verdict, then, was for the sum of $200, claimed, and interest. If the interest on the sum offered, from the time of the offer to the time of the verdict, be deducted from the verdict, the balance will be less than the offer. The result will be the same if we deduct the interest for $200, for the same time, so that, in any event, whether the interest be deducted from one sum or the other, the plaintiff failed " to recover a sum *as due* at the time of the offer, greater than the offer."

The clause of the statute providing for a time in which the offer should be accepted is not connected with the provision as to costs, and has no effect upon its construction. The latter clause has the same effect as though the other was left out.

The opinion of the Court was drawn up by

DAVIS, J.— Before the statute was changed, in 1857, when the defendant had offered to be defaulted for a specified sum, it was the right of the plaintiff, at any time before the trial, to accept the offer, and the defendant was bound by the acceptance.

By the statute of 1857, R. S., c. 82, § 21, it is the right of the defendant to have the time fixed by the Court, within which such offer shall be accepted by the plaintiff. If so fixed, the plaintiff must accept it within the time, or the defendant is not bound by it. After the time expires, the defendant, though not bound by any acceptance, still has the advantage of the offer, so far as it may affect the costs. The object of the Legislature probably was, to offer an inducement for the settlement of controversies without a trial. The defendant may offer more than he believes to be due, in order to save the trouble and expense of preparing for trial. And if his offer is not accepted within the time fixed, he may then

prepare for trial, and have all the advantages of his offer, without being bound by it.

But if a defendant makes such an offer, and does not have the time for its acceptance fixed by the Court, it is not void for that reason. The only disadvantage he thereby incurs is that of having his offer accepted at any time before trial. If not accepted, the offer has the same effect in one case as in the other. If the plaintiff does not recover a sum greater than that offered, he is entitled to no costs accruing after the offer is made, but must pay costs to the defendant.

*Exceptions overruled.*

TENNEY, C. J., and RICE, CUTTING, MAY, and GOODENOW, JJ., concurred.